IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED SATES OF AMERICA | ) | CASE NO.: 1:18 CR 691 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| SEAN BYRNE, et al. | ) | **SENTENCING MEMORANDUM** |
| | ) | **OF SEAN BYRNE** |
| Defendants | ) | |

The Defendant submits this Sentencing Memorandum to bring to the Court's attention information he feels is important to the Court's determination of sentence.

On November 15, 2018, Mr. Byrne and his girlfriend, Kayla Ellis, were charged with conspiracy to distribute heroin. The indictment alleged five (5) additional counts which include the distribution of heroin and fentanyl and possession with intent to distribute heroin and fentanyl. Mr. Byrne, pursuant to the terms of the Plea Agreement, pled guilty to all charges contained in the indictment.

18 U.S.C. §3553 governs the imposition of sentence. The statute makes clear that the Court shall impose a sentence sufficient but no greater than necessary to comply with the purposes set forth in the statute. The primary purposes of sentencing include imposition of a sentence that reflects the seriousness of the offense; provides a just punishment; affords adequate deterrence; protects the public from further crime; avoids unwarranted sentencing disparities; and provides the Defendant with needed education, training, medical care and treatment in the most effective manner.

When determining the particular sentence, the Court shall consider the nature and circumstances of the offense and the history and characteristics of the Defendant.

The sentencing guidelines are to be considered by the Court but are only advisory. The guidelines are simply one factor to be considered by the Court when determining a sentence which is no greater than necessary to comply with the purposes of sentencing, Gall v. United States, 128 S. Ct. 586, 597 n. 6 (2007); Kimbrough v. United States, 128 S. Ct. 588, 570 (2007). Federal district judges have significant discretion to impose sentences above or below those called for under the Sentencing Guidelines, Spears v. United States, 129 S. Ct. 840 (2009).

**NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The Plea Agreement provides that the amount of drugs involved in Count 1 through 6 of the indictment was at least 4 grams but less than 8 grams of a mixture or substance containing fentanyl thus resulting in a base level of 14. The base level was increased by 2 levels due to a role adjustment. Mr. Byrne is entitled to a 3-level reduction for acceptance of responsibility, thus resulting in a total offense level of 13. The guideline calculations contained in the Presentence Report is in accord with the Plea Agreement. Mr. Byrne's criminal history category is a VI, thus resulting in a guideline sentence of 33 to 41 months.

However, the parties have agreed to recommend a much higher sentence to the count due to the offense conduct and in consideration of U.S.S.G. §5K2.2[1] The parties agree to recommend a sentence of 120 months.

Paragraph 24 of the Plea Agreement set forth some of the relevant facts. On September 20, 2018, Mr. Byrne and Ms. Ellis distributed a substance to G.M. which contained fentanyl (Count 4 of the indictment). G.M. overdosed on the fentanyl thus suffering physical injury. Paragraph 18 of the Presentence Report indicates that a roommate discovered G.M. not breathing and turning blue. 911 was called and responded. Narcan was administered and G.M. was revived. She was transported to the hospital for treatment. Emergency room records

[1] 5K2.2 provides for an upward departure if significant physical injury resulted.

provided in discovery indicate that G.M. was taken to the hospital in the early morning hours of September 21, 2018. When G.M. arrived at the hospital, her breathing was spontaneous and non-labored, she was awake and alert with a calm effect and she was oriented as to person, place and time. She was treated and released. She was discharged to home. At the time of discharge she was alert and oriented. She was in no respiratory distress and her vital signs were within normal limits.

Information provided in discovery indicates later that morning G.M. met with police officers and set up a controlled buy with Mr. Byrne and Ms. Ellis. The buy is charged in Count 5 of the indictment.

**MR. BYRNE'S HISTORY AND CHARACTERISTICS**

Mr. Byrne is age 38. He has battled drug addiction virtually his entire life. He has used heroin on a daily basis for many years. While he had some substance abuse treatment and some limited periods of sobriety, he has been unable to overcome his fierce addiction.

Mr. Byrne's father indicates that Mr. Byrne and his mother were very close. His mother suffered a stroke in 2004 and was placed in a nursing home until her death nine (9) years later. The father indicates, that as a result, Mr. Byrne suffered much depression which contributed to his use of drugs.

Mr. Byrne has maintained employment in the past. He helped in the family business (Mattress Showcase) and attempted to open his own store. Over the last 15 years he worked as a cook.

Mr. Byrne has had numerous medical issues which have resulted in several hospitalizations over the past few years. His medical conditions include an infection of the heart (endocarditis), osteomyelitis, sepsis, hepatitis C, staph infection, and circulatory issues.

Although Mr. Byrne is a Criminal History Category VI, his record is not one that contains violent conduct or guns. His record is reflective of a person who is a drug addict. The record consists of many theft offenses and drug possession charges. Most are misdemeanor convictions and the highest degree of felonies are F-5's. He has been sentenced to prison on

only two (2) occasions. Each sentence being for six (6) months. The agreed upon sentence in this case is not only far more time than Mr. Byrne has ever served, it is also a significant increase over the guideline sentence.

**ACCEPTANCE OF RESPONSIBILITY**

Mr. Byrne clearly accepts responsibility for his acts. He does so not only through the agreed upon sentence set forth in the Plea Agreement but in his statement recognizing that addiction has ruined his life and that his actions have harmed others. He expresses a sincere desire to change.

**CONCLUSION**

Mr. Byrne requests that the Court follow the recommendation contained in the Plea Agreement.

Respectfully submitted,

*s/Thomas Kelley*
THOMAS KELLEY (#0016820)
Kelley, Honeck & Baker
159 S. Main Street, Suite 720
Akron, OH 44308
Phone: (330) 434-2113
Fax: (330) 434-2158
Email: tkelley1@neo.rr.com
Attorney for Defendant, Sean Byrne

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/Thomas Kelley*
THOMAS KELLEY (#0016820)
Attorney for Defendant, Sean Byrne